# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SAUL BLUE, et al.,, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   2:10-cv-00278-JEO |
| | ) |
| CONCRETE FLOORING | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., case in which the plaintiffs seek payment from their employer, defendant Concrete Flooring Solutions, Inc., for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b). (*See* Complaint ("Compl."), Doc. 1). It is now before the court on the parties' "Joint Motion for Approval of Settlement Agreement and Joint Stipulation for Voluntary Dismissal of Claim with Prejudice" ("Joint Mot.," Doc. 26). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the court concludes that it can and does approve the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## DISCUSSION

The FLSA provides that employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. §

216(b).  In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The undersigned facilitated the mediation of this action and is satisfied that the settlement as negotiated by the parties is a fair and reasonable resolution of a bona fide dispute.  The settlement amount, which is specified in the agreement, includes appropriate amounts for the disputed overtime pay.  (Joint Mot. at p. 3; Doc. 26-1 at ¶ 3).

Premised on the foregoing, the court finds the compromised settlement of this matter to be fair and reasonable under the circumstances.  Accordingly, the settlement is due to be approved and this matter dismissed with prejudice.

**DONE** this 18th day of February, 2011.

/s/ John E. Ott
_____
**JOHN E. OTT**
United States Magistrate Judge